UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MARTIN, | No. 2:19-cv-01492 GGH P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| PAUL THOMPSON, Warden, | |
| Respondent. | |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner states he does not intend to pay the required filing fee due to "time restraints" in that "there are only 5 weeks left until he should be released." ECF No. 1 at 15-16. Nevertheless, the undersigned will recommend dismissal of the pending petition for failure to exhaust administrative remedies.

*Exhaustion*

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). In § 2241 proceedings, this exhaustion requirement is not a "jurisdictional prerequisite" and can therefore be subject to waiver if pursuing judicial and

1

administrative remedies would be futile. Id. citing Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001).

Review of the petition for habeas corpus, shows that petitioner has failed to exhaust his administrative remedies. See ECF No. 1 at 2 ¶7. Petitioner states he is "in the process of trying to [appeal], but I had to wait for July 19, 2019 to pass and currently have only five weeks until I should be released." Id. at 3. Petitioner further explains that he has not sought to exhaust administrative remedies because of "the very short amount of time left to resolve this issue" and that instead "it will be pursued at the same time as this petition." Id. at 8 ¶14. Nevertheless, petitioner argues that exhaustion should be waived due to the futility of seeking relief through the administrative process based on the prison staff's inability to provide helpful answers and the limited instances the Bureau of Prisons ("BOP") grants relief to prisoners. Id. at 12-13. Petitioner also states he will suffer "irreparable injury" due to the BOP's "very slow process" and that there is "a very short time to fix this." Id. at 13. However, by petitioner's own admission, he has yet, or is in the process of, filing a formal administrative grievance with the BOP. There is no allegation that administrative remedies are no longer available to petitioner. Instead petitioner argues waiver of exhaustion based on the length of time it will take for petitioner to receive a response from the BOP. The undersigned finds that pursuing administrative remedies would not be futile at this stage and that dismissal is warranted for failure to exhaust administrative remedies. Accordingly, the petition should be dismissed without prejudice.[1]

***Motion to Expedite***

Petitioner has also filed a motion to expedite proceedings. ECF No. 5. Petitioner seeks to expedite the resolution of his habeas petition based on petitioner's calculation of good time credits which he estimates entitles him to a release date of September 3, 2019. Id. at 2-3. Petitioner argues "irreparable harm will occur" by keeping petitioner incarcerated "longer than he was sentenced to." Id. at 3. Petitioner states the Bureau of Prisons has a listed release date of

////

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. 28 U.S.C. § 2255(f).

2

October 23, 2019.  Id.  However, because petitioner's petition will be dismissed for failure to exhaust, petitioner's motion to expedite the proceedings will be denied as moot.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's Motion to Expedite Proceedings (ECF No. 5) is denied as moot;

2. The Clerk of the Court shall assign this case to a District Judge;

3. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the United States Attorney; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust administrative remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 26, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE